1  Joan E. Trimble, Esq. (SBN 205038)
   CALLAHAN MCCUNE & WILLIS, APLC
2  500 Sansome Street, Suite 410
   San Francisco, CA 94111
3  Telephone:    (415) 593-5700
   Facsimile:    (415) 593-6984
4  E-Mail: joan_trimble@cmwlaw.net

5  George A. Hanson      (*pro hac vice* pending)
   Eric L. Dirks        (*pro hac vice* pending)
6  STUEVE SIEGEL HANSON WOODY LLP
   330 W. 47th Street, Suite 250
7  Kansas City, MO 64112
   Telephone:    (816) 714-7100
8  Facsimile:    (816) 714-7101
   E-Mail: dirks@sshwlaw.com

9
   ATTORNEYS FOR PLAINTIFFS
10
                    IN THE UNITED STATES DISTRICT COU[RT]
11                    NORTHERN DISTRICT OF CALIFORNI[A]

12
   MARY BASORE and BRENDA MCMILLAN,
13 each individually and on behalf of all others      Case No. _____ 0461
   similarly situated
14                                                     MHP
                         Plaintiffs,
15 v.                                                  COMPLAINT

16 WELLS FARGO HOME MORTGAGE,                          CLASS ACTION - DEMAND FOR
   A DIVISION OF WELLS FARGO BANK,                     JURY TRIAL
17 NATIONAL ASSOCIATION and
   WELLS    FARGO    BANK,    NATIONAL
18 ASSOCIATION
                                                                                )
19                       Defendants.                                            )

20

21         Plaintiffs, individually and on behalf of the classes described below, by and through

22 their undersigned counsel, for their Complaint against Defendants Wells Fargo Home

23 Mortgage, a Division of Wells Fargo Bank, National Association and Wells Fargo Bank,

24 National Association ("Wells Fargo"), upon information and belief, state as follows:

25                            **JURISDICTION AND VENUE**

26         1.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §§ 1332(d)

27 because minimal diversity exists and the amount in controversy exceeds $5 million.

28 / / /

   COMPLAINT – CLASS ACTION                    - 1 -

1       2.      The Fair Labor Standards Act of 1938, ("FLSA"), as amended, 29 U.S.C. § 201

2 *et. seq.*, in relevant part, authorizes court actions by private parties to recover damages for

3 violation of the FLSA's overtime and minimum wage provisions. Jurisdiction over Plaintiffs'

4 FLSA claims is based upon § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331

5 and 1337.

6       3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a), (b) and (c),

7 because Wells Fargo resides and does business in this district, and the unlawful conduct giving

8 rise to the claims, in whole or in part, occurred in this district.

9 **PARTIES**

10       4.      Plaintiff, Brenda McMillian, worked as a Wells Fargo Loan Processor/mortgage

11 processor in Wells Fargo's Charlotte, North Carolina MAP location. Plaintiff McMillian is a

12 resident of Charlotte, North Carolina.

13       5.      Plaintiff, Mary Basore worked as a Wells Fargo Loan Processor in Wells

14 Fargo's Van Nuys, California location and is a California resident.

15       6.      Plaintiffs are former mortgage processors, mortgage loan specialists and

16 mortgage sales associates (collectively "Loan Processors") employed by Wells Fargo who have

17 been victimized by Wells Fargo's unlawful compensation practices. Plaintiffs were employed

18 by Wells Fargo within the last four years. Plaintiffs' consent to join forms are attached as

19 Exhibit A.

20       7.      Upon information and belief, Defendant, Wells Fargo Bank, National

21 Association, is incorporated in the state of California and has its principal place of business in

22 California.

23       8.      Upon information and belief, Defendant, Wells Fargo Home Mortgage, a

24 Division of Wells Fargo Bank, National Association, is incorporated in the state of Iowa and

25 has its principal place of business in Iowa.

26       9.      Upon information and belief, Defendant, Wells Fargo Home Mortgage, a

27 Division of Wells Fargo Bank, National Association, is a division operated by Wells Fargo

28 Bank, National Association.

1

2     10.    Wells Fargo provides mortgage banking services to consumers both locally and

3     nationwide.

4                                            **FACTS**

5     11.    Wells Fargo is a nationwide bank and mortgage lender with branches and

6     operations throughout the United States.

7     12.    Plaintiffs and the absent class members are current and former Loan Processors,

8     and employees holding similar positions, employed by Wells Fargo for whom Wells Fargo did

9     not pay overtime for overtime hours worked.  Specifically excluded from the plaintiff classes

10    are those Loan Processors whose time was accurately recorded and who were paid appropriate

11    overtime compensation.

12    13.    The classes of plaintiffs are readily identifiable by a perfunctory review of Wells

13    Fargo's time records and compensation records which it has kept, and was required to keep,

14    pursuant to the state and federal law.

15    14.    All Loan Processors employed by Wells Fargo over the last four years had

16    essentially the same job duties.

17    15.    The primary job duty of a Wells Fargo Loan Processor was to assist in the

18    processing of mortgage loan applications.  These duties were primarily clerical in nature.

19    16.    During the past four years, Loan Processors regularly worked far in excess of

20    forty hours per week.

21    17.    Plaintiffs were told by Wells Fargo management that they were not entitled to

22    receive overtime compensation or that they were only entitled to overtime under some narrow

23    circumstances.

24    18.    Plaintiffs were also told not to record more time than forty hours per week.

25    19.    Loan Processors may have been formally characterized as "non exempt" under

26    the FLSA, but they were often *treated* as "exempt" from overtime.

27    20.    The most obvious reason for this treatment is because it was Wells Fargo's

28    policy for workers to only work "pre-approved" overtime hours.  Because of this policy, many

COMPLAINT – CLASS ACTION                    - 3 -

1 workers who did not have their overtime pre-approved were not paid for their overtime hours
2 worked.

3     21.     Further, Wells Fargo Loan Processors from across the country were told to
4 record only forty hours per week on their timesheets (if they recorded time at all) regardless of
5 the amount of time worked in excess of forty hours per week.

6     22.     Wells Fargo's unlawful practices and policies injured Loan Processors in several
7 ways. First, some Loan Processors recorded accurate time records, but were not paid for their
8 overtime hours. Second, some Loan Processors were told to only record eight hours per day,
9 regardless of whether or not they worked overtime. Third, Wells Fargo simply failed to
10 maintain time records at all for some Loan Processors.

11     23.     Plaintiffs and the absent class members were not compensated for the substantial
12 overtime hours they worked.

13     24.     Wells Fargo's conduct violates the federal Fair Labor Standards Act ("FLSA")
14 and California wage and hour laws.

15     25.     Wells Fargo also failed to pay Plaintiff Mary Basore and the absent California
16 class members their full pay upon discharge or termination in accordance with California law.

17     26.     Wells Fargo has also failed to pay Plaintiff Mary Basore and the absent
18 California class members for meal and rest periods as required by California law.

19                          **NATIONWIDE CLASS ACTION**

20     27.     Plaintiff McMillian reasserts and re-alleges the allegations set forth in
21 paragraphs 1 through 26 above.

22     28.     Plaintiff McMillian brings a nationwide class action based on California
23 Business and Professions Code § 17200, et seq..

24     29.     The practices and policies at issue in this case emanated from California as
25 Wells Fargo Bank, National Association has its primary place of business in California.

26     30.     Defendants' actions, including but not limited to their FLSA violations
27 (including the failure to maintain accurate employee time records and the failure to pay
28 overtime compensation) constitute unlawful, unfair, fraudulent and misleading conduct. Such

COMPLAINT – CLASS ACTION       - 4 -

1   unlawful and unfair acts constitute a violation of California Business and Professions Code

2   § 17200, *et seq.*

3        31.    Plaintiff McMillian is informed and believes that Defendants continue their

4   unlawful and unfair conduct as previously described because Defendants continue to refuse to

5   pay for all wages earned by Plaintiffs. As a result of said conduct, Defendants have unlawfully

6   and unfairly obtained monies owed to Plaintiffs and have unfairly competed in the marketplace.

7        32.    All members of the Plaintiff Class can be identified by reference to records

8   possessed and controlled by Defendants. Plaintiffs are entitled to restitution of backpay, for a

9   period of four years predating the filing of this Complaint.

10       33.    As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to

11  a preliminary and permanent injunction enjoining Defendants from continuing the unlawful and

12  unfair practices described above, and to such other equitable relief as is appropriate under

13  California Business and Professions Code § 17203, including restitution as well as specific

14  relief to enforce the provisions of the California Labor Code and Fair Labor Standards Act

15  pursuant to Business and Professions Code § 17202.

16       34.    Plaintiffs are entitled to attorneys' fees and costs for promoting the interests of

17  the general public in causing Defendants to cease their unlawful and unfair business practices,

18  in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and

19  any other applicable law.

20       35.    Plaintiff McMillian seeks certification of the following class of plaintiffs:

21            **All current and former Wells Fargo Loan Processors**
              **employed by Defendants nationwide within the previous four**
22            **years.**

23       36.    Plaintiff McMillian is informed and believes that thousands of Loan Processors

24  have been employed by Defendants nationwide.  For this reason, the members of the Plaintiff

25  Class are so numerous that joinder of all members is impossible and/or impracticable.

26       37.    Plaintiff's claims are typical of the members of the Class.  Plaintiff is informed

27  and believes that, like other Wells Fargo Loan Processors, she was subjected to Defendants'

28  policy and practice of failing to pay for all hours worked, failure to pay appropriate overtime

COMPLAINT – CLASS ACTION                    - 5 -

1  premiums, failure to keep accurate records, failure to provide accurate wage statements, and

2  unlawful, unfair, fraudulent and misleading practices.

3      38.    Due to the uniform policy of not recording and paying Loan Processors for all

4  overtime wages earned, and the common core of factual and legal issues determining each class

5  member's potential claim, a class action is superior to other available methods for the fair and

6  efficient adjudication of this controversy.

7      39.    Plaintiff will fairly and adequately protect the interests of the members of the

8  class and has retained counsel competent and experienced in both class action and wage-and-

9  hour litigation in California and nationwide.

10     40.    Common questions of law and fact exist as to all members of the Class and

11  predominate over any questions affecting solely individual members of the Class. Among the

12  questions of law and fact common to the Class are:

13          • Whether class members are paid for all of the time they work;

14          • Whether Wells Fargo maintains accurate records of the time the class
             members work;
15

16          • Whether Defendants' policies and practices regarding the recording of time
             is lawful;

17          • Whether Defendants' policies and practices regarding what overtime hours
             are compensable is lawful; and
18

19          • Whether Defendants' practices and policies violate the Fair Labor Standards
             Act and the California UCL set forth at Business and Professions Code §
             17200 et seq..
20

21     41.    Plaintiff knows of no difficulty that will be encountered in the management of

22  this litigation that would preclude its maintenance as a class action.

23     42.    Class treatment is superior to other available methods for the fair and efficient

24  adjudication of the controversy.

25                        **CALIFORNIA CLASS ACTION**

26     43.    Plaintiff Basore reasserts and re-alleges the allegations set forth in paragraphs 1

27  through 42 above.

28  / / /

1

44.     Plaintiff Basore individually and on behalf of a California class brings a

2

California class action based on California Business and Professions Code § 17200, et seq.;

3

California Labor Code §§ 510 and 1194, and California Industrial Wage Order No. 4 (8 C.C.R.

4

§ 11040, as amended throughout the Class Period); California Labor Code § 226.7 and

5

California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class

6

Period); California Labor Code § 226.7 and California Industrial Wage Order No. 4 (8 C.C.R. §

7

11040, as amended throughout the Class Period); and California Labor Code §§ 201-203.

8

9       45.     Defendants' actions, including but not limited to their violations of federal and

10     California state law (including the failure to maintain accurate employee time records, the

11     failure to pay overtime compensation, the failure to provide meal and pay for meal and rest

12     periods, and the failure to pay all wages due upon discharge or termination) constitute

13     unlawful, unfair, fraudulent and misleading conduct. Such unlawful and unfair acts constitute a

14     violation of California Business and Professions Code § 17200, et seq.

15     46.     Plaintiff Basore is informed and believes that Defendants continue their

16     unlawful and unfair conduct as previously described because Defendants continue to refuse to

17     pay for all wages earned by Plaintiffs. As a result of said conduct, Defendants have unlawfully

18     and unfairly obtained monies owed to Plaintiffs and have unfairly competed in the marketplace.

19     47.     All members of the Class can be identified by reference to records possessed

20     and controlled by Defendants. Plaintiffs are entitled to restitution of backpay, for a period of

21     four years predating the filing of this Complaint.

22     48.     As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to

23     a preliminary and permanent injunction enjoining Defendants from continuing the unlawful and

24     unfair practices described above, and to such other equitable relief as is appropriate under

25     California Business and Professions Code § 17203, including restitution as well as specific

26     relief to enforce the provisions of the California Labor Code and Fair Labor Standards Act

27     pursuant to Business and Professions Code § 17202.

28     / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

49.    Plaintiffs are entitled to attorneys' fees and costs for promoting the interests of the general public in causing Defendants to cease their unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

50.    Plaintiff Basore seeks certification of the following class of plaintiffs:

**All current and former Wells Fargo Loan Processors employed by Defendants in California in the previous four years.**

51.    Plaintiff Basore is informed and believes that at least several hundred Loan Processors have been employed by Defendants in California.  For this reason, the members of the California class are so numerous that joinder of all members is impossible and/or impracticable.

52.    Plaintiff Basore's claims are typical of the members of the Class.  Plaintiff is informed and believes that, like other Wells Fargo Loan Processors, she was subjected to Defendants' policy and practice of failing to pay for all hours worked, failure to pay appropriate overtime premiums, failure to keep accurate records, failure to provide accurate wage statements, and unlawful, unfair, fraudulent and misleading practices.

53.    Due to the uniform policy of not recording and paying Loan Processors for all overtime wages earned, and the common core of factual and legal issues determining each class member's potential claim, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54.    Plaintiff Basore will fairly and adequately protect the interests of the members of the class and has retained counsel competent and experienced in both class action and wage-and-hour litigation in California and nationwide.

55.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

•      Whether class members are paid for all of the time they work;

- Whether Wells Fargo maintains accurate records of the time the class members work;

- Whether Defendants' policies and practices regarding the recording of time is lawful;

- Whether Defendants' policies and practices regarding what overtime hours are compensable is lawful;

- Whether Defendants' practices and policies violate the Fair Labor Standards Act and the California UCL set forth at Business and Professions Code § 17200 et seq..

- Whether the Defendants failed to pay appropriate overtime premiums to members of the Class in violation of California Labor Code §§ 510 and 1194, and California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class Period);

- Whether Defendants failed to provide rest periods during qualifying shifts in violation of California Labor Code § 226.7 and California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class Period);

- Whether the Defendants failed to provide meal periods during qualifying shifts in violation of California Labor Code § 226.7 and California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class Period);

- Whether the Defendants willfully failed to pay all wages due upon discharge or termination in violation of California Labor Code §§ 201-203; and

- Whether the Defendants' conduct violated the California UCL set forth at Business and Professions Code § 17200 et seq..

56.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

57.    Class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

## NATIONWIDE COLLECTIVE ACTION

58.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 57 above.

59.    Plaintiffs bring their FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Wells Fargo's practice of failing to accurately

record all hours worked and failing to pay Loan Processors for all overtime hours worked.

60.    The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action is similarly situated because the class members have been or are employed in the same or similar position as individually-named Plaintiffs and were subject to the same or similar unlawful practices as the individually-named Plaintiffs.  The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from Wells Fargo's records, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

## COUNT I.
### Violation of California Bus. & Prof. Code 17200 et seq.
### (Nationwide Class, California Class and Plaintiffs Individually)

61.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 60 above.

62.    At all times material herein, Plaintiffs and members of the classes have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

63.    The FLSA regulates, among other things, the payment of overtime by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

64.    Defendants were, and are, subject to the overtime pay requirements of the FLSA because Wells Fargo is an enterprise engaged in commerce and its employees are engaged in commerce.

65.    Defendants willfully violated the FLSA by failing to keep accurate records of hours worked and failing to pay Plaintiffs for overtime.

66.    Upon information and belief, the Plaintiffs and the class members are victims of a company-wide compensation policy and/or practice to: (1) not record and maintain accurate time records; and (2) not pay for all overtime hours worked.

COMPLAINT – CLASS ACTION                        - 10 -

67. As a result of the aforesaid willful violations of the FLSA's overtime provisions, Defendants have violated § 17200 et seq.

68. Further, Defendants' violation of the California Labor Code's provisions as discussed below are predicate acts that constitute a violation of § 17200 as to Plaintiff Basore and the California class.

69. Defendants' actions, including but not limited to their FLSA and California state law violations (including the failure to maintain accurate employee time records, the failure to pay overtime compensation, the failure to provide rest and meal periods and to pay all amounts due at the time of termination of employment) constitute unlawful, unfair, fraudulent and misleading conduct. Such actions are also unfair business practices in violation of California Business and Professions Code § 17200, et seq.

70. Plaintiffs are informed and believe that Defendants continue their unlawful and unfair conduct as previously described because Defendants continue to refuse to pay for all wages earned by Plaintiffs. As a result of said conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiffs and have unfairly competed in the marketplace.

## COUNT II.

### Failure to Pay Overtime as Required by California Labor Code
### (California Class and California Plaintiffs Individually)

71. Plaintiffs hereby reallege and incorporate by reference Paragraphs 1 through 70 as though fully set forth in detail herein.

72. Throughout the liability period, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 also required payment of overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. This premium increases to double-time for all hours worked over 12 in a workday or 8 on the seventh day worked in a single workweek.

73. Plaintiff Basore and the California class often worked in excess of the maximum number of hours allowed by law without payment of the applicable overtime premiums.

/ / /

74. Defendants failed to pay Plaintiff Basore and members of the California class the overtime required by California law.

75. Defendants' respective failure to pay the correct amount of overtime violates IWC Wage Order No. 4 (8 C.C.R. § 11040, as amended during the Class Period), and California Labor Code §§ 510 and 1198, and is therefore unlawful.

76. Because Defendants, and each of them, failed to pay overtime as required by law, Plaintiff and the California class are entitled under California Labor Code §§ 218.5 and 218.6 and 1194(a) to recover the unpaid overtime balance, interest thereon, reasonable attorneys' fees, and costs of suit.

## COUNT III.
### Failure to Provide Rest and Meal Periods
**(California Class and California Plaintiffs Individually)**

77. Plaintiffs hereby reallege and incorporate by reference Paragraphs 1 through 76 as though fully set forth in detail herein.

78. Plaintiff Basore and the California class regularly worked in excess of five (5) hours per day without being afforded at least one half-hour meal period in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4 (8 C.C.R. § 11040).

79. Plaintiff Basore and the California class regularly worked in excess of ten (10) hours per day without being afforded two (2) meal periods of at least one half-hour each in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4.

80. Plaintiff Basore and the California class routinely worked in excess of four (4) hours per day without being afforded a 10-minute rest period.

81. Plaintiff Basore and the California class routinely worked in excess of eight (8) hours per day without being afforded either or both of the two (2) 10-minute rest periods as required by Labor Code § 226.7 and Wage Order No. 4 (8 C.C.R. § 11040).

///

82.     Plaintiff Basore and the California class worked shifts in excess of twelve (12) hours in a day without being afforded any or all of the three (3) 10-minute rest periods as required by Labor Code § 226.7 and Wage Order No. 4 (8 C.C.R. § 11040).

83.     During most of the Class Period, for each time that a member of the California class was not provided the rest and/or meal period, that individual is entitled to recover backpay wages in the amount of one additional hour of pay at each employee's regular rate of compensation pursuant to IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 226.7.

84.     Plaintiff Basore and the California class are entitled to payment for backpay for each rest and/or meal period that Defendants failed to provide during the Class Period. Plaintiffs are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

## COUNT IV.
### Failure to Pay All Compensation Due and Owing at Termination
### (California Class and California Plaintiffs Individually)

85.     Plaintiff Basore hereby realleges and incorporates by reference Paragraphs 1 through 84 as though fully set forth in detail herein.

86.     California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge. California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within 72 hours of that employee's notice of resignation. California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period up to thirty days.

87.     Defendants have willfully failed to pay all compensation and wages, upon discharge or within 72 hours of termination. As a result, Defendants are liable to Plaintiff and the California class for wage continuation wages in an amount to be determined at trial. Plaintiff and the California class are also entitled to payment of their reasonable attorney's fees

and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

## COUNT V.

### Violation of the Fair Labor Standards Act of 1938

#### (Brought on Behalf of All Individual Plaintiffs and a Nationwide Class of All Others Similarly Situated)

88.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 87 above.

89.     At all time material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

90.     The FLSA regulates, among other things, recordkeeping and pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

91.     Defendants were, and are, subject to the requirements of the FLSA because they are enterprises engaged in commerce and their employees are engaged in commerce.

92.     Defendants willfully violated the FLSA by failing to record and keep accurate records of the time worked by Loan Processors and for failing to pay Loan Processors for all the time they work.

93.     The individually-named Plaintiffs, and all similarly situated employees, are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has injured the similarly situated Loan Processors who have joined, and who will join, this case.

94.     This nationwide FLSA collective action excludes Plaintiffs who have already opted-in to a similar case pending in the United States District Court for the District of Kansas, caption *Bowne v. Wells Fargo Home Mortgage, A Division of Wells Fargo Bank, NA,* No. 06-2020-CM, and who remain parties in that action.

/ / /

95.　　Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay and minimum wages within the three years preceding the filing of the Complaint in this action, plus periods of equitable (and agreed) tolling, because Wells Fargo acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by federal law.

96.　　Defendants have not acted in good faith or with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime pay and minimum wage, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

97.　　As a result of the aforesaid willful violations of the FLSA's overtime and minimum wage provisions, compensation has been unlawfully withheld from Plaintiffs for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class, pray for relief as follows:

1.　　An order certifying a nationwide class action;

2.　　An order certifying a California class action;

3.　　An order certifying a nationwide collective action;

4.　　An order finding that Defendants violated federal and California law, as stated above;

5.　　Unpaid wages, including restitution for wages owed, and statutory damages, wages and/or penalties available under each cause of action, in an amount to be proven at trial;

///

6.  An order granting any equitable or injunctive relief necessary to provide full relief to Plaintiffs;

7.  Unpaid overtime damages and an equal amount as liquidated damages under the FLSA;

8.  Attorneys' fees and costs;

9.  Pre- and post-judgment interest; and

10. Such other and further relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby designate San Francisco, California as the place of trial.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury of all issues triable by jury.

**Dated: January 23, 2007**

Respectfully submitted,

CALLAHAN MCCUNE & WILLIS, APLC

Joan E. Trimble State Bar No. 205038
joan.trimble@cmwlaw.net
500 Sansome Street, Suite 410
San Francisco, CA 94111
Telephone:      (415) 593-5700
Facsimile:      (415) 593-6984

STUEVE SIEGEL HANSON WOODY LLP
George A. Hanson (*pro hac vice* motion forthcoming)
hanson@sshwlaw.com
Eric L. Dirks (*pro hac vice* motion forthcoming)
dirks@sshwlaw.com
330 West 47th Street, Suite 250
Kansas City, Missouri 64112
Telephone:      (816) 714-7100
Facsimile:      (816) 714-7101

**ATTORNEYS FOR PLAINTIFFS**

SSHW 0513-2-67099

1   Joan E. Trimble, State Bar No.
    Callahan McCune & Willis, APLC
2   111 Fashion Lane
    Tustin, CA 92780-3397
3   Telephone:     714-730-5700
    Facsimile:     714-730-1642
4
    George A. Hanson       (*pro hac vice* pending)
5   Eric L. Dirks          (*pro hac vice* pending)
    STUEVE SIEGEL HANSON WOODY LLP
6   330 W. 47th Street, Suite 250
    Kansas City, MO 64112
7   Telephone:     816-714-7100
    Facsimile:     816-714-7101
8   ATTORNEYS FOR PLAINTIFFS

9              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
10

11  MARY BASORE and BRENDA MCMILLIAN,
    each individually and on behalf of all others
12  similarly situated

13                             Plaintiffs,
                                                    Case No. _____
14  v.

15  WELLS FARGO HOME MORTGAGE,
    A DIVISION OF WELLS FARGO BANK,
16  NATIONAL ASSOCIATION and
    WELLS FARGO BANK, NATIONAL
    ASSOCIATION
17
18                             Defendants.

19
20              CONSENT TO BECOME A PARTY PLAINTIFF

21              Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

22          I hereby consent to be a party plaintiff in the foregoing action.

23

24

25  Date: *1-19-07*                        _____
                                           Printed Name: Mary Basore
26

27

28

    SSHW 0513/67343

Exhibit "A"

```
1   Joan E. Trimble, State Bar No.
    Callahan McCune & Willis, APLC
2   111 Fashion Lane
    Tustin, CA 92780-3397
3   Telephone:    714-730-5700
    Facsimile:    714-730-1642
4
5   George A. Hanson    (pro hac vice pending)
    Eric L. Dirks      (pro hac vice pending)
    STUEVE SIEGEL HANSON WOODY LLP
6   330 W. 47th Street, Suite 250
    Kansas City, MO 64112
7   Telephone:    816-714-7100
    Facsimile:    816-714-7101
8   ATTORNEYS FOR PLAINTIFFS
9
            IN THE UNITED STATES DISTRICT COURT
10              NORTHERN DISTRICT OF CALIFORNIA

11  MARY BASORE and BRENDA MCMILLIAN,
    each individually and on behalf of all others
12  similarly situated

13                          Plaintiffs,
14  v.                                        Case No. _____
15  WELLS FARGO HOME MORTGAGE,
    A DIVISION OF WELLS FARGO BANK,
16  NATIONAL ASSOCIATION and
    WELLS FARGO BANK, NATIONAL
    ASSOCIATION
17
18                          Defendants.
19
20          CONSENT TO BECOME A PARTY PLAINTIFF
21          Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)
22  I hereby consent to be a party plaintiff in the foregoing action.
23
24
25  Date: _____            Brenda McMillian
26                               Printed Name: Brenda McMillian
27
28
    SSHW 0513/67343
```